UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIQUAN BOOKER,

                          Plaintiff,

v.                                                     9:23-CV-0218
                                                    (GTS/DJS)

SGT. IACOBUCCI, Greene Corr. Fac.,

                          Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

DIQUAN BOOKER, 16-A-1691
  Plaintiff, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. LETITIA A. JAMES                                 JUDSON N. KNAPPEN, ESQ.
Attorney General for the State of New York            MICHAEL J. WHALEN, ESQ.
  Counsel for Defendants                              Assistant Attorneys General
300 South State Street, Suite 300
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Diquan Booker ("Plaintiff") against Sergeant Iacobucci ("Defendant") pursuant to 42 U.S.C. § 1983, are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied, (2) Plaintiff's objection to the Report-Recommendation, (3) Defendant's response to Plaintiff's objection, and (4) Plaintiff's reply to Defendant's response.

(Dkt. Nos. 48, 49, 50, 51.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.     **RELEVANT BACKGROUND**

    A.     **Magistrate Judge Stewart's Report-Recommendation**

Generally in his Report-Recommendation, Magistrate Judge Stewart rendered the following three findings of fact and conclusions of law. (Dkt. No. 48.) First, Magistrate Judge Stewart concluded, Defendant's motion for summary judgment should be granted on the ground that Plaintiff failed to exhaust his available administrative remedies before filing this action, because (a) there is no admissible record evidence establishing that Plaintiff filed either a grievance or an appeal from a denial of such a grievance, and (b) Plaintiff has not adduced admissible record evidence from which a rational jury could find that the grievance process was unavailable to him (such as operating as a simple dead end, being so opaque that it becomes as a practical matter incapable of use, or being something that prison administrators thwarted Plaintiff from using). (*Id.* at 4-9.)

Second, Magistrate Judge Stewart concluded, in the event the Court were to reach the merits of Plaintiff's Complaint (which asserts a claim of failure to protect under the Eighth Amendment), the Court should find that a genuine dispute of material fact precludes entry of summary judgment in Defendant's favor, because Defendant failed to proffer admissible record evidence in support of his argument that he took appropriate action in response to Plaintiff's request for protective custody. (*Id.* at 9-10.)

Third, Magistrate Judge Stewart concluded, even if Plaintiff's motion for summary judgment should not be denied as moot, it should be denied, because (a) it fails to comply with

Local Rules 7.1 and 56.1 of the District's Local Rules of Practice, and (b) it contains only conclusory assertions. (*Id*. at 2, n.2.)

  **B.** **Plaintiff's Objection to the Report-Recommendation**

Generally, liberally construed, Plaintiff's Objection argues that his Complaint should not be dismissed based on a failure to exhaust administrative remedies, because (a) he did in fact file a grievance, (b) the Attorney General's Office failed to provide correct instructions to Plaintiff regarding how to serve his papers, and (c) the Attorney General's Office failed to provide various documents in discovery, which is evidence of a "cover[] up." (Dkt. No. 49.)

  **C.** **Defendant's Response to Plaintiff's Objection**

Generally, in his response to Plaintiff's Objection, Defendant argues that, to the extent that Plaintiff has specifically challenged a portion of the Report-Recommendation, that portion should be review *de novo*, and that, to the extent that he has not done so, the Report-Recommendation should be reviewed for only clear error. (Dkt. No. 50.) Defendant further argues that, in either event, the Report-Recommendation should be accepted and adopted in its entirety, because Magistrate Judge Stewart employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.)

  **D.** **Plaintiff's Reply to Defendant's Response**

Generally, in his reply to Defendant's response, Plaintiff asserts arguments similar to those asserted in his Objection (most notably, that he filed a grievance, and that the Attorney General' Office destroyed evidence as part of a "cover up"). (*Compare* Dkt. No. 49 *with* Dkt. No. 51.)

**II.** **STANDARD OF REVIEW**

Generally, a district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).

## III. ANALYSIS

After carefully considering the matter, the Court finds that, even when construed with the utmost of special solicitude,[1] Plaintiff's Objections do not assert any new arguments but merely reiterate his original arguments. (*Compare* Dkt. No. 49 [Plf.'s Obj.] *with* Dkt. No. 42, at 1-2 [Pltf.'s Opp'n Memo. of Law], arguing that he filed a grievance, and that the Attorney General's Office misled him regarding how to serve papers, failed to produce papers to the Court, and is

---

[1] The Court notes that, also out of special solicitude to Plaintiff, it will disregard his failure to combine his cross-motion for summary judgment with his opposition to Defendant's motion, in violation of Local Rule 7.1(c), even though he was served with a courtesy copy of both the Court's Local Rules of Practice and its *Pro Se* Handbook in June of 2023. (Dkt. No. 25.) The Court will not, however, excuse Plaintiff's failure to file either a proper Rule 56.1 Response or a proper Rule 56.1 Statement; the Court notes also that this was not Plaintiff's first motion for summary judgment in this case. (Dkt. No. 15.)

engaging in a "cover up"].) As a result, the Court need subject the Report-Recommendation to only a clear-error review, which it easily survives.

In any event, even if the Court were to subject the "challenged" portions of the Report-Recommendation to a *de novo* review, the Court would find that those portions survive that review: Magistrate Judge Stewart has indeed employed the proper standards, accurately recited the facts, and correctly applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; Defendant's motion for summary judgment is granted; Plaintiff's motion for summary judgment is denied; and Plaintiff's Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: February 24, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge